

# NUMBER 13-07-00311-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **EZEQUIEL CAMACHO FERNANDEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Ezequiel Camacho Fernandez, was charged by indictment with two counts of indecency with a child by contact, a second degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (Vernon 2003). Pursuant to a plea agreement with the State, Fernandez pleaded guilty to both counts and pleaded "true" to the enhancement paragraph. The trial court sentenced Fernandez to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By two issues,

Fernandez argues that the trial court erred in not granting his motion for new trial because (1) he was deprived of effective assistance of counsel, and (2) his guilty plea was not done knowingly or voluntarily. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Fernandez was arrested on December 6, 2005. At the time of his arrest, Fernandez provided a statement to the San Juan Police Department describing the event in question, but he did not admit any fault. Fernandez made a second statement to police on December 12, 2005, where he admitted to touching the vagina of L.S., his neighbor's minor child. Shortly after his arrest, Fernandez hired attorney Noe Perez to represent him.

On June 13, 2006, the State filed a two-count indictment against Fernandez pertaining to two incidents involving the same victim and the same offense. Counts one and two of the indictment provided that: "EZEQUIEL FERNANDEZ . . . on or about the 31st day of August, A.D., 2005, . . . did then and there engage in sexual contact with [L.S.], the victim, a child younger than 17 years, and not the spouse of the defendant by then and there touching part of the genitals of the victim, with intent to arouse and gratify the sexual desire of the defendant."

On June 28, 2006, the State filed a notice indicating its intent to produce the outcry statement of L.S. and to use Karen Chapa, an employee at L.S.'s school, as its outcry witness. In response, Perez filed seven motions on July 11, 2006, including motions: (1) for discovery; (2) for discovery of the arrest and conviction records of the State's witnesses; (3) to inspect, examine, and test physical evidence; (4) for discovery of exculpatory and mitigating evidence; (5) for production of evidence favorable to Fernandez; (6) to compel the State to provide notice of its intent to use evidence of extraneous offenses at trial; and (7) a motion in limine to prevent the State from introducing evidence regarding prior

2

convictions and extraneous offenses.

On July 14, 2006, in response to one of Fernandez's motions, the State filed a notice of its intent to introduce the following prior convictions and extraneous acts, wrongs, or offenses: (1) an incident occurring on or about October 20, 2000, in Lenawee County, Michigan, where Fernandez allegedly kidnapped and assaulted a female victim with a metal pipe; (2) a conviction in Lenawee County, Michigan, for criminal sexual assault of a child under sixteen but at least thirteen years old;[1] (3) Fernandez failed to register as a sex offender in the State of Texas; and (4) Fernandez has a reputation and character for drug and alcohol abuse. The State filed a second notice of intent to use Fernandez's prior conviction in Michigan for purposes of enhancing punishment.

On August 21, 2006, Fernandez entered into a plea agreement with the State as to the first count in the indictment. The plea agreement provided the following:

> **PLEA OF GUILTY:**
> I freely and voluntarily plea GUILTY, and I admit I committed each and every element of every offense alleged in the indictment or information, namely, INDECENCY WITH A CHILD BY CONTACT, SECOND DEGREE FELONY, committed on August 31, 2005.
> . . . .
>
> **MOTION TO CONSIDER UNADJUDICATED OFFENSE(S):**
> I admit, with the consent of the Attorney for the State, my guilt of the following offense(s), and request the Court to take each into account in determining sentence for the offense of which I stand adjudged guilty: COUNT 2.

Next to each of these statements was a check-mark. The plea agreement was signed by Fernandez and Perez. Moreover, Fernandez pleaded "true" to the enhancement paragraph contained in the indictment pertaining to his Michigan conviction.

---

[1] The record reflects that Fernandez pleaded guilty to the offense of criminal sexual assault of a child under sixteen but at least thirteen years old, and the Michigan trial court subsequently sentenced him on December 6, 2000, to five years' probation and imposed $1,310 in court costs.

3

Also on August 21, 2006, the trial court accepted Fernandez's plea. The trial court further noted:

> It clearly appearing to the Court that the Defendant is mentally competent, and is represented by competent counsel; that Defendant understands the nature of the charge against Defendant; that Defendant has been admonished by the Court, including the minimum and maximum punishment provided by law; that Defendant fully understands the admonitions of the Court, and is fully aware of the consequences of the plea, that the Attorney for Defendant and for the State consent and approve the waivers and stipulations made by the Defendant.
>       The Court, therefore, finds such plea, waivers, and consent to be voluntarily made, and the Court accepts the plea and approves the waivers and stipulations made by the Defendant.

The trial court subsequently sentenced Fernandez to fifteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

On September 20, 2006, Fernandez, now represented by Fela Olivarez,[2] filed a motion for new trial and a motion in arrest of judgment alleging, among other things, that his guilty plea was not voluntary and was the result of coercion and that Perez failed to provide adequate legal representation. On November 1, 2006, the trial court conducted a hearing on Fernandez's motion for new trial and motion in arrest of judgment. At this hearing, Perez, Ricarda Fernandez,[3] and the prosecutor Joseph Leonard testified.

At the hearing, Perez was questioned extensively about his handling of the State's evidence against his client. Perez admitted that in some instances, he could have done a better job. However, Perez thought he got a "fair deal" for his client. Perez also testified that if the case had gone to trial he would have filed additional motions challenging the evidence in the case.

Ricarda testified that she hired Perez to defend her son, and that she was

---

[2] The representation provided by Fela Olivarez is not the subject of this appeal.

[3] Ricarda Fernandez is Fernandez's mother.

4

disappointed with the outcome. Ricarda noted that her son only entered into the plea agreement because Perez informed her after Fernandez had entered into the plea agreement that "the young lady with light-colored hair was going to give him 90 years." Leonard testified that the outcry evidence against Fernandez, as well as Fernandez's second statement to police, would probably have been introduced at trial. He further testified that Fernandez appeared to be pleading guilty voluntarily.

The trial court denied Fernandez's motion for new trial and motion in arrest of judgment on November 13, 2006. Fernandez filed his notice of appeal on November 16, 2006. The trial court certified Fernandez's right to appeal on November 17, 2006. *See* TEX. R. APP. P. 25.2(a)(2).

## II. STANDARD OF REVIEW

"An appellate court reviews a trial court's ruling on a motion for new trial using an abuse-of-discretion standard of review." *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We are to review the evidence in a light most favorable to the ruling of the trial court, and overturn it only if it is not within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). We do not substitute our judgment for that of the trial court. *Webb*, 232 S.W.3d at 112. We are to decide only whether the decision of the trial court was arbitrary or unreasonable. *Id.* Therefore, we will find that a trial court abused its discretion only if there is no "reasonable view of the record that could support the trial court's ruling." *Id.* (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)).

## III. ANALYSIS

**A. Ineffective Assistance of Counsel**

5

By his first issue, Fernandez argues that his motion for new trial was erroneously denied because he was deprived of the effective assistance of counsel. The State counters by arguing that the motion was properly denied because Perez's representation of Fernandez was not inadequate and because Fernandez has not satisfied either prong of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**1. Applicable Law**

We determine whether counsel's representation was so deficient that it violated Fernandez's Sixth Amendment right to counsel by applying the *Strickland* test. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Strickland*, 466 U.S. at 687. To satisfy the *Strickland* test, Fernandez must show (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *see Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of the representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. In addition, a criminal defendant is not entitled to errorless or perfect counsel. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990) (en banc). The burden is on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Jaynes*, 216 S.W.3d at 851.

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See*

*Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. The acts or omissions that form the basis of appellant's claim of ineffective assistance must be evidenced by the record. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Jaynes*, 216 S.W.3d at 851. In most cases, a silent record, which provides no explanation for counsel's actions, will not overcome the strong presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813-14.

### 2. Discussion

On appeal, Fernandez has listed forty-seven examples of what he believed was counsel's ineffective performance. Roughly half of the complaints are based on Perez's alleged failure to challenge the State's use of L.S.'s outcry statement, Fernandez's prior convictions, and the admissibility of Fernandez's confession. However, in reviewing the effectiveness of counsel's representation of Fernandez, we must look at the representation as a whole, rather than isolated instances. *See Jaynes*, 216 S.W.3d at 851. As previously mentioned, Perez filed seven motions during the course of his representation of Fernandez, including a motion in limine to prevent the State from introducing evidence regarding Fernandez's prior convictions. Fernandez has not made any showing indicating that the filing of these motions amounted to an unsound trial strategy. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (noting that there is a strong presumption that counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy).

Fernandez further complains that Perez erroneously advised him to plead "true" to the enhancement paragraph. However, pleading "true" to the enhancement paragraph was part of the concession to receive the reduced sentence under the plea agreement, which Fernandez signed. Doing so allowed Fernandez to be sentenced to fifteen years, which

was less than the maximum sentence provided for each count of indecency with a child by contact. *See* TEX. PENAL CODE ANN. §§ 12.33 (Vernon 2003), 21.11(a)(1), (d).[4]

Fernandez also points to Perez's admissions at the motion for new trial hearing that his performance as an attorney could have been better. Few attorneys with the benefit of hindsight would not admit that something different could have been done. Perez's own subjective interpretation of the counsel he provided Fernandez, however, is not dispositive of whether counsel's representation was ineffective. *See Salinas*, 163 S.W.3d at 740.

Finally, Fernandez contends that Perez failed to provide effective assistance of counsel because he was allegedly inexperienced in handling such matters. However, our inquiry focuses not on Perez's experience, but on the reasonableness of his representation. *See Strickland*, 466 U.S. at 687. The record does not demonstrate that Perez's representation fell below an objective standard of reasonableness. Moreover, we are not aware of, nor has Fernandez cited to, any authority concluding that the alleged inexperience of counsel by itself amounts to ineffective assistance of counsel. Based on the foregoing, Fernandez has not met the first prong of the *Strickland* test. *See id.*

Because Fernandez has not proven that Perez's representation was ineffective, we cannot say that the trial court abused its discretion in denying his motion for new trial on the basis of his ineffective assistance of counsel contention. Accordingly, we overrule his first issue.

---

[4] As noted earlier, appellant was indicted on two counts of indecency with a child by contact, a second degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (Vernon 2003). Section 12.33 of the penal code provides that "[a]n individual adjudged guilty of a felony of the second degree shall be punished by imprisonment . . . for any term of not more than 20 years or less than 2 years." *Id.* § 12.33 (Vernon 2003). Therefore, Fernandez was eligible to be sentenced to a maximum of forty years in prison. *See id.* This calculation, however, ignores the possible enhancement of the charge to a first degree felony in recognition of appellant's prior sex conviction in Michigan. A first degree felony conviction would carry a maximum punishment of ninety-nine years' incarceration. *Id.* § 12.32 (Vernon 2003).

**B. Fernandez's Guilty Plea**

By his second issue, Fernandez argues that his guilty plea was not made knowingly or voluntarily because he received ineffective assistance of counsel.

"When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, 'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App.1997)).

In support of his contention, Fernandez relies on an affidavit executed by his wife, Yolanda Gaspar Fernandez, and the testimony of Ricarda at the hearing on his motion for new trial. Yolanda stated in her affidavit that Perez told Ricarda and her that Fernandez should "take the fifteen years because anyways he would be out in nine months." As previously mentioned, Ricarda testified that after Fernandez agreed to plead guilty, Perez told her that if Fernandez had not taken the plea, "the young lady with light-colored hair was going to give him 90 years." Based on these alleged misrepresentations, Fernandez contends that Perez's representation was ineffective and because of the alleged ineffectiveness, his plea was entered unknowingly and involuntarily. We disagree.

We first note that Perez's recommendation for Fernandez to enter into the plea agreement with the State was within the range of competence demanded of attorneys in criminal cases. *See id.* As previously stated, Fernandez was facing a possible forty year sentence for conviction on the two counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 12.33, 21.11(a)(1), (d). The fifteen-year sentence, contained in the plea

9

agreement, is substantially less than the maximum punishment Fernandez might have faced. Outside of Yolanda's affidavit and Ricarda's testimony, Fernandez has not made any showing other than that his plea was entered into unknowingly or involuntarily or that he relied upon Perez's representation in entering into the plea agreement. The plea agreement contained an in-depth discussion of the applicable sentencing ranges and contained the following language, after which Fernandez signed: "I, Defendant [Fernandez] in the above numbered and styled case, have had the foregoing admonitions explained to me by my attorney, and I understand them and I am aware of the consequences of my plea." We conclude that the record does not support Fernandez's contention that he entered into the plea agreement unknowingly and involuntarily. Accordingly, we overrule his second issue.

## IV. CONCLUSION

Having overruled both of Fernandez's issues, we affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 14th day of August, 2008.

10